IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LARRY J. BROWN,

                                         ORDER

               Petitioner,

                                      09-cv-17-bbc

     v.

SUSAN BROWN, JENNIFER DELVAUX,
J. GOH, JAMES SCHAUB, TOM POLLARD,
MARK WEISGERBER, TIMOTHY PIERCE,
TIMOTHY DOUMA, AMY SMITH,
WELCOME F. ROSE and JUDY P. SMITH,

              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered in this case on January 28, 2009, I denied petitioner Larry Brown leave to proceed in forma pauperis because he has struck out under 28 U.S.C. § 1915(g) and the allegations in his complaint do not suggest that he is in imminent danger of serious physical harm. I told petitioner that because he is disqualified from proceeding in forma pauperis under § 1915(g), he may continue with this lawsuit only by paying the $350 filing fee in full. Now petitioner has submitted a letter dated January 30, 2009, that I construe as a motion for reconsideration of the January 28 ruling that he has incurred three strikes. I must deny petitioner's motion for reconsideration because I am bound to follow Seventh

1

Circuit precedent as articulated in George v. Smith, 507 F.3d 605 (7th Cir. 2007).

In his motion, petitioner says that "he does not have three strikes . . . ." Unfortunately, he is wrong. As I explained to petitioner in the January 28 order, he incurred strikes in the following cases: Brown v. Johnson, 94-C-489-S, decided July 1, 1994; Brown v. Lang, 95-C-695-S, decided October 3, 1995; and Brown v. Husz, 97-C-129-S, decided February 28, 1997. It is likely that petitioner believes he did not receive strikes in these cases because Judge Shabaz did not state expressly in the orders that he was recording a strike. However, there is no requirement in § 1915(g) that federal courts record strikes formally in the records of the cases in which strikes are earned. Strikes occur automatically when any case, and now pursuant to George, any claim, is dismissed from a lawsuit on the ground that it is legally frivolous or malicious or fails to state a claim upon which relief may be granted.

My review of the orders entered by Judge Shabaz shows that petitioner's claims in these cases were dismissed for his failure to state a claim upon which relief may be granted. (I am enclosing to petitioner with his copy of this order a copy of the orders in cases nos. 94-C-489-S, 95-C-695-S and 97-C-129-S in which he earned strikes pursuant to George. In addition, I am enclosing copies of the complaints in these cases so that petitioner may verify that his own signature is on the complaints.) Therefore, this court was required to count toward petitioner's three-strike limit the claims that were dismissed in cases nos. 94-C-489-

2

S, 95-C-695-S and 97-C-129-S. This court did not err in concluding that petitioner has incurred three strikes.

However, because petitioner filed this case without knowing that under George he had struck out I will allow him an opportunity to respond to this order and advise the court whether he wishes to continue with this lawsuit and pay the full filing fee or whether he intends to dismiss this action voluntarily. If petitioner responds that he does not wish to continue with this lawsuit, I will direct the clerk of court to close this file and eliminate any reference to petitioner's obligation to pay the $350 fee for filing this action that may have been entered into the court's electronic financial record system. Petitioner is reminded that he cannot obtain indigent status under 28 U.S.C. § 1915 in any future suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

ORDER

IT IS ORDERED that

1. Petitioner's motion for reconsideration of the ruling in the January 28, 2009 order that he has incurred three strikes, dkt. #8, is DENIED.

2. Petitioner may have until March 6, 2009, in which to advise the court whether he intends to continue with this lawsuit or whether he will dismiss it voluntarily without owing

3

the $350 filing fee.

Entered this 13th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4